**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NASRIN AKHTAR SHEIKH, *et al.*,<br>Plaintiffs,<br>v.<br>REPUBLIC OF THE SUDAN, *et al.*,<br>Defendants. | **Civil Action No. 1:14-cv-02090 (JDB)** |
| CALEB NDEDA CHOGO, *et al.*,<br>Plaintiffs,<br>v.<br>REPUBLIC OF THE SUDAN, *et al.*,<br>Defendants. | **Civil Action No. 1:14-cv-00951 (JDB)** |

# JOINT STATUS REPORT

## I. INTRODUCTION

On June 26, 2019, this Court issued an order requesting a joint status report and proposed schedule for further proceedings by July 10, 2019. Plaintiffs in the above-captioned cases, by and through their respective counsel of record, hereby jointly provide the Court with this status report and a proposed schedule for further proceedings.[1]

## II. CASE-RELATED HISTORY

### A. The 1998 U.S. Embassy Bombing Attacks

On August 7, 1998, the United States embassies at Nairobi, Kenya and Dar es Salaam, Tanzania were devastated by militant organization *al Qaeda's* suicide bombings that killed hundreds and injured thousands of people ("Embassy Bombings"). Among the victims were United States citizens and persons who were working for the United States government. The date of these terrorism attacks marked the eighth anniversary of the arrival of United States troops in Saudi Arabia during the early stages of the Persian Gulf War.

[1] Plaintiffs' counsel in *Kinyua v. Republic of the Sudan,* No. 1:14-cv-02118-JDB, has indicated to the undersigned counsel of his intent to file a separate status report.

**B. The *Owens* Cases**

Beginning in 2001, hundreds of victims commenced filing civil lawsuits in federal court against the Islamic Republic of Iran ("Iran") and the Iranian Ministry of Information and Security ("MOIS") (collectively "Iranian Defendants"), and the Republic of the Sudan ("Sudan") and the Ministry of the Interior of the Republic of the Sudan (collectively, "Sudanese Defendants")[2], for their material support of *al Qaeda* and its (then) leader, Osama bin Laden, which caused the wrongful deaths and injuries suffered in the Embassy Bombings. The victims filed these lawsuits pursuant to the "terrorism exception" in the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602-11, alleging Iran and Sudan had provided "material support or resources" to Osama bin Laden and *al Qaeda*. FSIA eliminates immunity in cases seeking damages against designated state sponsors of terrorism for, *inter alia*¸ providing "material support or resources" for acts of "extrajudicial killing." 28 U.S.C. 1605(a)(7)(2006)[3]. This Court has, over time, referred to this group of cases as the "*Owens* cases." *See Owens, et al. v. Republic of Sudan, et al.*, No. 01-2244-JDB, and Related Actions (*Wamai, et al. v. Republic of Sudan, et al.*, No. 08-1349, *Amduso, et al. v. Republic of* Sudan*, et al.*, No. 08-1361, *Mwila, et al. v. The Islamic Republic of Iran, et al.*, No. 08-1377, *Onsongo, et al. v. Republic of Sudan, et al.*, No. 08-1380, and *Khaliq, et al. v. Republic of Sudan, et al*., No. 10-0356).

Defendants defaulted in the *Owens* cases. Between October 25-28, 2010, the Court held a trial on Defendants' liability in the *Owens* cases. On November 28, 2011, the Court found, in pertinent part: (a) that this Court had jurisdiction under FSIA pursuant to 28 USC § 1605A(a)(2)(A)(ii); (b) U.S. nationals, government employees, government contractors, and members of the U.S. armed forces, or the legal representatives of such persons, have a federal cause of action under 28 U.S.C. § 1605A(c); (c) the family members of such persons, while they lack a federal cause of action under FSIA, may proceed on state law claims under the law of the District of Columbia; and (d) that Iran and Sudan provided material support and funding to the

[2] The Sudanese defendants and the Iranian defendants will hereinafter be collectively referred to as "Defendants."

[3] The FSIA exception to immunity was later amended, as codified in 28 U.S.C. §§ 1605A.

terrorists responsible for the Embassy Bombings and were, therefore, liable to the *Owens* *P*laintiffs under FSIA. *See Owens v. Republic of Sudan*, 826 F.Supp.2d 128 (D.D.C. 2011). (*See e.g.,* **Ex. 1**[4]: *Amduso*[5] Memorandum Opinion (ECF 63), and Order (ECF 62)). Final judgment on liability was entered in favor of the Plaintiffs in the *Owens* cases against Defendants on November 30, 2011. (*Id.*)

On October 13, 2011, the Plaintiffs in the *Owens* cases filed a motion for the Court's appointment of special masters to administer damages proceedings. (*See* **Ex. 2**: *Amduso* ECF 61). On January 17, 2012, Plaintiffs filed a motion for adoption of an administrative plan governing damages proceedings. (*See* **Ex. 3**: *Amduso* ECF 65). On February 27, 2012, the Court issued an order adopting the Plaintiffs' proposed administrative plan, which set standards and procedures for the appointment of Special Masters to receive evidence and make recommendations on the award of compensatory damages for each of the plaintiffs' claims, and an order appointing the Special Masters. (*See* **Exs. 4 and 5**: *Amduso* ECF Nos. 66 and 67). The *Owens* cases were then referred to the Special Masters, who spent the next several years assessing the damage awards for each of the hundreds of individual plaintiffs in the *Owens* cases. (*See e.g., Amduso* ECF Nos. 73-253). Between March and October, 2014, the Court entered final default judgments in the *Owens* cases, awarding a total of over $10 billion in compensatory and punitive[6] damages. In *Amduso*, for instance, the Court entered judgment on July 25, 2014, in excess of $1.7 billion, and issued a memorandum opinion on damages which closely followed the recommendations of Special Masters in that case. (*See* **Ex. 6**: *Amduso* ECF Nos. 254, 255).

---

[4] All exhibits referenced herein are provided to the Court for the Court's ease with review in Plaintiffs' Compendium of Exhibits, which is filed concurrently herewith.

[5] *Amduso, et al. v. Republic of* Sudan*, et al.,* No. 08-cv-01361. Unless otherwise noted Plaintiffs cite only to the *Amduso* case here in an effort to offer a brief procedural history without the encumbrance of repetitive string citations. To be sure, materially identical pleadings and orders were filed in each of the *Owens* cases.

[6] The Sudanese Defendants sought to re-enter the case and appealed the awards. The D.C. Circuit affirmed a majority of the Court's judgments but vacated the punitive damages award. *Owens v. Republic of Sudan*, 864 F.3d 751, 825 (D.C. Cir. 2017). As the Iranian Defendants never appeared, the judgments against it were not appealed and the Court's 2014 decisions remain final as to them.

### C. *Sheikh, Kinyua, and Chogo* Cases

In the months following the last entry of default judgment in the *Owens* cases, three cases before this Court were filed by additional victims of the Embassy bombings. The *Sheikh* and *Kinyua* cases were filed in December, 2014. The *Chogo* case was filed in June, 2015. The Plaintiffs in these three cases allege claims against Defendants that are substantively identical to those alleged and adjudicated in the *Owens* cases, namely, that the Defendants provided material support to the members of *al Qaeda* who perpetrated the Embassy Bombings and that the terrorism exception in the FSIA applies to their claims.

#### 1. The *Sheikh* Action

On December 11, 2014, Plaintiffs in *Sheikh v. Republic of the Sudan*, who were not plaintiffs to the prior actions but were also injured by the Nairobi bombing, filed the present case against the same Defendants under 28 U.S.C. § 1605A. (*Sheikh* ECF 1). The *Sheikh* Plaintiffs are Nasrin Akhtar Sheikh (Decedent Fahrat Mahmood Sheikh's spouse), Farin Akhtar Safeer (Decedent's daughter), Faraz Akhtar Sheikh (Decedent's son), Faizan Akhtar Sheikh (Decedent's son), and the Estate of Farhat Mahmood Sheikh. The Decedent worked for the United States government at the time of the Nairobi bombing. (*Sheikh* ECF 1, ¶ 9). The *Sheikh* Plaintiffs' complaint against the Iranian Defendants asserts claims including wrongful death, loss of consortium, intentional infliction of emotional distress (solatium), and civil conspiracy. (*Id.,* ¶¶ 9-22, 24-29, 70-85). The case was assigned to the Honorable John D. Bates on December 12, 2014. The *Sheikh* Plaintiffs are represented by the undersigned counsel.

#### 2. The *Kinyua* Action

The *Kinyua* Plaintiffs filed their complaint on December 15, 2014. (*Kinyua* ECF 1). These plaintiffs are seven family members of Moses Magothe Kinyua, another Nairobi Embassy employee or contractor who was severely injured in the Nairobi bombing and died in 2012. (*Id.,* ¶¶ 5-6, 9-24, 74-77). The *Kinyua* Plaintiffs allege similar emotional distress and loss of society claims against the Iranian Defendants. (*Id.*) The *Kinyua* Plaintiffs are presently represented by Nazareth Haysbert of Haysbert Moultrie LLP.

**3. The *Chogo* Action**

The *Chogo* Plaintiffs, who include forty-one employee or contractor victims of the Nairobi bombing attack and ten family members, as well as seven employee or contractor victims of the Dar es Salaam bombing attack, filed their complaint on June 19, 2015. (*Chogo* ECF 1). The *Chogo* Plaintiffs allege similar claims against the Iranian Defendants for assault and battery, emotional distress, aiding and abetting terrorism, and civil conspiracy. (*Id.,* ¶¶ 9-66, 69-75, 150-168). The *Chogo* Plaintiffs are represented by the undersigned counsel.

**4. The Iranian Defendants Failed to Appear in These Cases.**

The Plaintiffs served the Iranian Defendants. The Iranian Defendants had sixty (60) days to file an answer or responsive pleading, pursuant to 28 U.S.C. § 1608(c)(1). The Iranian Defendants did not file an answer or responsive pleading in the cases. As in the *Owens* cases, the Iranian Defendants have never appeared in these three cases. The Clerk of the Court entered defaults against the Iranian Defendants in October, 2015, in the *Kinyua* case (**Ex. 7**: *Kinyua* ECF 26) and the *Sheikh* case (**Ex. 8**: *Sheikh* ECF 27); and in May, 2017, in the *Chogo* case (**Ex. 9**: *Chogo* ECF 22).

**5. The Sudanese Defendants are not parties to these cases.**

The Sudanese Defendants appeared in these cases. However, the Court dismissed the Sudanese Defendants from the *Sheikh* and *Kinyua* cases in March, 2016. *See Sheikh v. Republic of Sudan*, 172 F.Supp.3d 124, 132 (D.D.C. 2016). The *Chogo* Plaintiffs voluntarily dismissed the Sudanese Defendants from their case on April 25, 2018. (*Chogo* ECF 28). Therefore, the Sudanese Defendants are not parties to these three cases.

**6. Plaintiffs' Motions for Entry of Default Judgment against the Iranian Defendants**

On December 1, 2015, *Sheikh* Plaintiffs filed a motion for judicial notice and for entry of default judgment against the Iranian Defendants ("Motion"). (*See* **Ex. 10**: *Sheikh* ECF 28). By their motion, the *Sheikh* Plaintiffs requested that the Court: (1) take judicial notice of all the findings of fact and conclusions of law contained in the Court's November 30, 2011

Memorandum Opinion[7] entered in the related *Amduso* action; and (2) adopt the findings of fact and conclusions of law contained therein and find them to be fully applicable to this pending matter. Similar motions were filed by the Plaintiffs in *Kinyua* and *Chogo* cases. (*See* **Ex. 11**: *Kinyua* ECF 27; **Ex. 12**: *Chogo* ECF 24). Once judicially noticed, these findings of facts would be conclusive of the Iranian Defendants' liability, thereby obviating the need for a further trial on liability. The Plaintiffs cited several cases where courts took judicial notice of findings of fact and conclusions of law and applied them in later-filed cases with different plaintiffs arising out of the same attack. The Plaintiffs also requested the Court's appointment of a special master to hear the Plaintiffs' damages evidence, as done in *Amduso*.

On March 30, 2018, the Court issued an order denying the *Sheikh* Plaintiffs' Motion and dismissed the *Sheikh* Plaintiffs' action with prejudice. (*See.* **Ex. 13**: *Sheikh* ECF 34). Similar orders setting aside the defaults entered against the Iranian Defendants and dismissing the Plaintiffs' claims against the Iranian Defendants with prejudice in *Chogo* and *Kinyua.* (*See* **Ex. 14**: *Kinyua* ECF 33; **Ex. 15**: *Chogo* ECF 26). The Court explained in its Memorandum Opinion supporting these orders that the Court *sua sponte* considered and decided that the three actions were untimely filed, and thus denied the motions for default judgment and dismissed the Plaintiffs' claims against the Iranian Defendants. (*See e.g.,* **Ex. 16**: *Sheikh* ECF 35).

### 7. Plaintiffs appealed the Court's orders and judgments.

On April 26, 2018, Plaintiffs in the three cases jointly noticed their appeal of the Court's dismissal orders. The three cases were consolidated on appeal. The Court of Appeal appointed counsel to appear as *amicus curiae* to argue on behalf of District Courts. The Plaintiffs briefed and argued reasons for reversal of the Court's dismissal orders on appeal.

## III. CURRENT STATUS

On May 10, 2019, the United States Court of Appeals for the District of Columbia Circuit issued a *Per Curiam* Judgment, ordering a reversal of judgments of this Court in *Sheikh, Chogo,* and *Kinyua*, among others, vacating the dismissals therein of these Plaintiffs' complaints against

[7] Reported as *Owens v. Republic of Sudan*, 826 F.Supp.2d 128 (D.D.C. 2011).

the Iranian Defendants and remanding the three cases to this Court for further proceedings, in accordance with the Court of Appeals' Opinion. (*See* **Ex. 17**: *Sheikh, et al. v. Ministry of the Interior of the Republic of Sudan, et al.,* CA Case No. 18-7060[8] (*Sheikh* ECF 38-1); and **Ex. 18**: the Court of Appeals' May 10, 2019, Opinion). On June 18, 2019, the Court of Appeal issued its mandate. (*See* **Ex. 19**: ECF 38).

Consistent with the Court of Appeals' mandate, on June 26, 2019, this Court issued an order requesting a joint status report and proposed schedule for further proceedings by July 10, 2019. A proposed schedule for further proceedings follows.

## IV. PROPOSED PLAN AND SCHEDULE

With the *Sheikh, Kinyua,* and *Chogo* cases remanded back to this Court for further proceedings consistent with the Court of Appeal's May 10, 2019 Opinion and Order, Plaintiffs herein now propose the following plan for the continued prosecution of these cases:

A. Consistent with the Court of Appeal's May 10, 2019 Opinion and Orders, Plaintiffs respectfully submit that this Court should now enter orders granting Plaintiffs' Motions for judicial notice and entry of default judgment in the *Sheikh, Kinyua,* and *Chogo* cases, adopting the findings of fact from the November 30, 2011 Memorandum Opinion[9] entered in the *Owens* cases (**Ex. 1**). The orders would establish final judgment on the issue of liability against the Iranian Defendants herein, thereby obviating the need for a repeat trial on liability and allowing Plaintiffs to proceed on the matter of proving up their damages.

B. Plaintiffs request the Court set a status conference within 30 days of July 10, 2019, for discussion of this proposal and the Court's entry of a scheduling order thereon.

C. Within 30 days of July 10, 2019, Plaintiffs will file motions for adoption of an administrative plan and for the appointment of Special Masters pursuant to 28 U.S.C. § 1605A(e)(1), consistent with the administrative plan and appointment orders this Court entered in the *Owens* cases (**Exs. 2-5**).

---

[8] Consolidated with the *Chogo* and *Kinyua* appeals, CA Case Nos. 18-7065, 18-7090.

[9] *Owens v. Republic of Sudan*, 826 F.Supp.2d 128 (D.D.C. 2011).

D. Upon the Court's entry of orders granting Plaintiffs' motions for adoption of an administrative plan and for the appointment of Special Masters, Plaintiffs request the Court set a time frame for completion of Special Master evaluations and reports. At this point, Plaintiffs request a date of July 10, 2020.

E. Plaintiffs request the Court set a further status conference between October and December of 2010 for Plaintiffs to update the Court on the progress of the Special Master proceedings.

DATED: July 10, 2019

Respectfully submitted,

By: /s/ Raymond P. Boucher

Raymond P. Boucher (*pro hac vice*)
BOUCHER, LLP
21600 Oxnard Street, Suite 600
Woodland Hills, CA 91367
Tel.: (818) 340-5400
Fax: (818) 340-5401
ray@boucher.la

Daniel S. Ward (DC Bar No. 474339)
WARD & BERRY, P.L.L.C.
2000 Pennsylvania Avenue, NW
Suite 4500
Washington D.C. 20036
Tel.: (202) 331-8160
dan@wardberry.com

Attorneys for *Sheikh and Chogo* Plaintiffs