**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **NASRIN AKHTAR SHEIKH, et al.,**<br>**Plaintiffs,**<br>**v.**<br>**REPUBLIC OF THE SUDAN, et al.,**<br>**Defendants.** | **Civil Action No. 14-2090 (JDB)** |
| **GEOFFREY GITHUI KINYUA, et al.,**<br>**Plaintiffs,**<br>**v.**<br>**REPUBLIC OF THE SUDAN, et al.,**<br>**Defendants.** | **Civil Action No. 14-2118 (JDB)** |
| **CALEB NDEDA CHOGO, et al.,**<br>**Plaintiffs,**<br>**v.**<br>**REPUBLIC OF THE SUDAN, et al.,**<br>**Defendants.** | **Civil Action No. 15-951 (JDB)** |

**ORDER**

The D.C. Circuit reversed and remanded this Court's dismissal of plaintiffs' motions for default judgment in the above-captioned cases brought under the state-sponsored terrorism exception to the Foreign Sovereign Immunities Act ("FSIA"). See generally Maalouf v. Islamic Republic of Iran, 923 F.3d 1095 (D.C. Cir. 2019). Plaintiffs have since filed identical joint status reports[1]

[1] See Sheikh v. Republic of the Sudan, Civ. No. 14-2090 (D.D.C. Dec. 11, 2014), ECF No. 39; Kinyua v. Republic of the Sudan., Civ. No. 14-2118 (D.D.C. Dec. 15, 2014), ECF No. 47; Chogo v. Republic of the Sudan, Civ. No. 15-951 (D.D.C. June 19, 2015), ECF No. 32.

proposing that the Court (1) enter final judgment on the issue of liability against the Islamic Republic of Iran and the Iranian Ministry of Information and Security (the "Iran defendants") based on the evidence presented in Owens v. Republic of Sudan, 826 F. Supp. 2d 128 (D.D.C. 2011), and (2) set a status conference to discuss an administrative plan and the appointment of special masters to compute damages.

The Court will set a joint status conference concerning plaintiffs' proposed administrative plan and the appointment of special masters. However, because special masters may find facts that are relevant not only to specific damages amounts, but also to liability (including inter alia standing and the specific injuries suffered by each plaintiff), the Court will defer entering final judgment against the Iran defendants until after the special masters have completed their reports. See Opati v. Republic of Sudan, 60 F. Supp. 3d 68, 75 (D.D.C. 2014) (entering final judgment on liability and damages after "adopt[ing] all facts found by the special masters relating to all plaintiffs in this case, including findings regarding the plaintiffs' employment status or their familial relationships necessary to support standing under [Title 28] section 1605A(a)(2)(A)(ii)"); Taylor v. Islamic Republic of Iran, 811 F. Supp. 2d 1, 7, 17 (D.D.C. 2011) (entering judgment on liability based on "special master's summary of the evidence"). Hence, once the reports are submitted, the Court will, consistent with the approach taken in Opati, consider a consolidated motion for entry of final judgment on liability and damages.[2]

For the foregoing reasons, it is hereby

**ORDERED** that plaintiffs shall file motions (including proposed orders) for adoption of an

[2] Assuming plaintiffs have standing and are otherwise entitled to relief, the Court expects at that time formally to take judicial notice of, and give effect to, the facts elicited in the three-day hearing on liability and damages previously held in Owens. See Opati, 60 F. Supp. 3d at 73–74.

administrative plan and for appointment of special masters by not later than August 8, 2019; and it is further

**ORDERED** that a joint status conference in all three cases is set for August 15, 2019, at 9:30 a.m. in Courtroom 30.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: July 24, 2019