UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| NASRIN AKHTAR SHEIKH, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> REPUBLIC OF THE SUDAN, *et al.*, <br><br> Defendants. | Civil Action No. 1:14-cv-02090-JDB |
| CALEB NDEDA CHOGO, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> REPUBLIC OF THE SUDAN, *et al.*, <br><br> Defendants. | Civil Action No. 1:15-cv-00951-JDB |

**CONSOLIDATED MOTION FOR ENTRY OF DEFAULT JUDGMENTS AS TO PUNITIVE DAMAGES CLAIMS BY CERTAIN FAMILY MEMBER PLAINTIFFS; MEMORANDUM OF POINTS AND AUTHORITIES**

As this Court has recognized, "a terrorist attack – by its nature – is directed not only at the victims but also the victims' families." *Sheikh, et al. v. Republic of the Sudan, et al.*, 485 F.Supp.3d 255, 366 (D.D.C. 2020) (citing *Salazar v. Islamic Republic of Iran*, 370 F.Supp.2d 105, 115 n.12 (D.D.C. 2005)). Moving Plaintiffs in the above-captioned "*Sheikh*" and "*Chogo*" cases, identified below, are 14 foreign-national, immediate family members of three "direct" victims injured or killed in the 1998 bombing attack of the U.S. Embassy at Nairobi, Kenya. Moving Plaintiffs respectfully request the Court's entry of default judgments as to their punitive damages claims against Defendants Islamic Republic of Iran ("Iran") and The Iranian Ministry

of Information and Security ("MOIS") (collectively, the "Iranian Defendants"), pursuant to 28 U.S.C. § 1608(e).

## I.  THE MOVING PLAINTIFFS

"Moving Plaintiffs" include John Kabi Kibe, the Mimba Family Plaintiffs, and the Sheikh Family Plaintiffs, as defined below. Moving Plaintiffs are non-U.S. nationals who are immediate family members of "direct" victims injured or killed in the 1998 bombing attack of the U.S Embassy at Nairobi, Kenya.

### A.  JOHN KABI KIBE (SON OF FRANCIS KIBE NJUGUNA, DIRECT VICTIM KILLED IN 1998 BOMBING ATTACKS)

Plaintiff John Kabi Kibe in the *Chogo* action is the eldest surviving son of Francis Kibe Njuguna. *Sheikh,* 485 F.Supp.3d at 267 (citing *Chogo*, ECF No. 77 (Report and Recommendations of Special Master Hon. Carlos R. Moreno (Ret.)) at 4). Mr. Kibe's father, Francis Kibe Njuguna, was a longtime foreign service national who was killed in the terrorism attack on the U.S. Embassy at Nairobi, Kenya on August 7, 1998, while working within the course and scope of his employment by the U.S. Embassy as a mailroom driver. *Chogo*, ECF No. 77 at 3-8. When Mr. Kibe learned of the attack on the U.S. Embassy at Nairobi, he traveled to Nairobi and spent two days searching for his father, which culminated with him locating his father's badly burned and mutilated body at a city mortuary after inspecting hundreds of other mutilated bodies of victims. *Id.* at 4-5. The untimely death of Mr. Njuguna caused Mr. Kibe to suffer deeply and to put aside his plans to attend university to care for his family—some of whom never quite recovered from the shock of losing Mr. Njuguna so tragically—and run the family farm. *Id.* Mr. Kibe is a foreign national and an immediate family member of Mr. Njuguna. *Id*. at 8.

This Court previously determined that Plaintiff John Kabi Kibe had established his claim for solatium damages resulting from the Iranian Defendants' intentional infliction of emotional distress and awarded John Kabi Kibe compensatory solatium damages. *Sheikh,* 485 F.Supp.3d at 266-67, 270-71; *see also Chogo*, ECF No. 106 (Order, Schedule A). The Court also awarded Mr. Kibe pre-judgment interest. *Sheikh,* 485 F.Supp.3d at 274-75; *Chogo*, ECF No. 106 (Order, Schedule A). However, the Court deferred ruling on the request for entry of default judgment as to Mr. Kibe's punitive damages claim under D.C. law. *Sheikh,* 485 F.Supp.3d at 273-74; *Chogo*, ECF No. 106. Thereafter, a final judgment was entered on all of Mr. Kibe's claims except his punitive damages claim. *Chogo*, ECF No. 112.

### B. THE MIMBA FAMILY PLAINTIFFS (MOTHER AND SIBLINGS OF GEORGE MIMBA, DIRECT VICTIM INJURED IN 1998 BOMBING ATTACK)

Plaintiff Prisca Akumu Mimba is the mother of George Mimba (her eldest son), and Plaintiffs Judith Akinyi Mimba, Christine Awino Ochieng,[1] Fredrick Ouso Mimba, Hezborn Owiro Mimba[2], Beatrice Akoth Mimba, Zablon Nyamolo Mimba[3], Edwin Opiyo Mimba, and Erica Achieng Mimba, are siblings of George Mimba (the mother and the siblings together the "Mimba Family Plaintiffs"). *Sheikh,* 485 F.Supp.3d at 267 (citing *Chogo*, ECF No. 69 (Report and Recommendations of Special Master Deborah Greenspan Regarding Damages Claims Asserted by Prisca Akumu Mimba, et al.) at 7-21). George Mimba, a foreign service national employee of the U.S. Embassy at Nairobi, Kenya, suffered physical and psychological injuries as a result of the attack on August 7, 1998. *Chogo*, ECF No. 69 at 6. George Mimba's family was initially informed that he had been killed in the attack and only learned a day or two later that he

---

[1] Erroneously named as Christine Awino Mimba in *Chogo* complaint.
[2] Erroneously spelled as Hesbon Owiro Mimba in *Chogo* complaint.
[3] Erroneously spelled as Zablon Nyamalo Mimba in *Chogo* complaint.

had, in fact, survived it. *Id.* George Mimba's mother, Prisca, testified to her belief that her husband (George Mimba's father) never quite recovered from the emotional devastation and shock, and died one year later. *Id.* at 6-7. The family greatly suffered from the initial reports of George Mimba's death and even after learning of his survival. *Id.* The Mimba Family Plaintiffs are all foreign nationals. *Id.* at 2. They are each immediate family members of George Mimba. *Id.* at 20; *Sheikh,* 485 F.Supp.3d at 266-67.

This Court previously determined that the Mimba Family Plaintiffs had established their claim for solatium damages resulting from the Iranian Defendants' intentional infliction of emotional distress and awarded them compensatory solatium damages. *Sheikh,* 485 F.Supp.3d at 266-67, 270-71; *see also Chogo*, ECF No. 106 (Order, Schedule A). The Court also awarded the Mimba Family Plaintiffs pre-judgment interest. *Id.* at 274-75; *Chogo*, ECF No. 106 (Order, Schedule A). However, the Court deferred ruling on the request for entry of default judgment as to their punitive damages claims under D.C. law. *Id.* at 273-74; *Chogo*, ECF No. 106 (Order, Schedule A). Subsequently, final judgments were entered on all of the Mimba Family Plaintiffs' claims except for their punitive damages claims. *Chogo*, ECF Nos. 109 (Judith A. Mimba), 115 (Hezborn O. Mimba), 121 (Edwin O. Mimba), 122 (Erica A. Mimba), 125 (Fredrick O. Mimba), 131 (Beatrice A. Mimba), 134 (Christine A. Mimba), 146 (Prisca A. Mimba), and 155 (Zablon N. Mimba).

    **C.    THE SHEIKH FAMILY PLAINTIFFS (WIFE AND CHILDREN OF FARHAT MAHMOOD SHEIKH, DIRECT VICTIM KILLED IN 1998 BOMBING ATTACK)**

Plaintiff Nasrin Akhtar Sheikh is the surviving spouse of Farhat Mahmood Sheikh, and Plaintiffs Farin Akhtar McLaughlin,[4] Faraz Akhtar Sheikh, and Faizan Akhtar Sheikh are Farhat

---

[4] Plaintiff filed her lawsuit against Defendants as Farin Akhtar Safeer. While the *Sheikh* case was pending, Plaintiff's last name was legally changed from Safeer to McLaughlin due to marriage.

Mahmood Sheikh's children (the spouse and the children together the "Sheikh Family Plaintiffs"). *Sheikh,* 485 F.Supp.3d at 267 (citing *Sheikh*, ECF No. 66 (Report and Recommendation of Special Master Carlos R. Moreno) at 7-15). Farhat was a longtime foreign service national employee of the U.S. Embassy at Nairobi, Kenya, who suffered fatal injuries and was killed in the terrorist attack on August 7, 1998. *Sheikh*, ECF No. 66 at 5-6. Farhat's family searched for him among the injured at hospitals until his wife, Nasrin, was contacted the next day with a request to identify his body among several that had been found at the U.S. Embassy building, and family members confirmed the identification. *Id.* at 8-9. Farhat's widow and children were forced to move to England to live with family members while grieving their loss. *Id.* at 9-10. Farhat's widow, Nasrin, and children Farin, Faraz, and Faizan, are all foreign nationals and immediate family members of decedent, Farhat, with standing to pursue their claims under District of Columbia law. *Sheikh*, ECF 66 at 15.

This Court previously determined that the Sheikh Family Plaintiffs had established their claim for solatium damages resulting from the Iranian Defendants' intentional infliction of emotional distress and awarded them compensatory solatium damages. *Sheikh,* 485 F.Supp.3d at 266-67, 270-71; *see also Sheikh*, ECF No. 86 (Order, Schedule A). The Court also awarded the Sheikh Family Plaintiffs pre-judgment interest. *Sheikh,* 485 F.Supp.3d at 274-75; *Sheikh*, ECF No. 86 (Order, Schedule A). However, the Court deferred ruling on the request for entry of default judgment as to their punitive damages claims under D.C. law. *Sheikh,* 485 F.Supp.3d at 273-74; *Sheikh*, ECF No. 86. Subsequently, judgment was entered on all of the Sheikh Family Plaintiffs' claims except their punitive damages claims. *Sheikh*, ECF Nos. 88-91 (88: Faraz A. Sheikh; 89: Farin A. McLaughlin; 90: Faizan A. Sheikh; and 91: Nasrin A. Sheikh).

## II. THE OPERATIVE COMPLAINTS IN THE CASES

### A. *Sheikh* Complaint

The *Sheikh* complaint, filed in this Court on December 11, 2014, asserted claims by the Sheikh Family Plaintiffs, individually and on behalf of the Estate of Farhat Mahmood Sheikh, against the Iranian Defendants pursuant to the terrorism exception to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1605A, including claims for wrongful death, loss of consortium, survival, intentional infliction of emotional distress (solatium), aiding and abetting, and civil conspiracy. *Sheikh*, ECF No. 1 (Complaint) at ¶¶ 70-99. The complaint sought compensatory damages, punitive damages, and pre-judgment interest. *Id.* ¶¶ 94-104 (Prayer for Damages). Moving Plaintiffs alleged claims under the laws of the District of Columbia and/or Kenya, as non-US nationals who do not possess a cause of action under 28 U.S.C. § 1605A. *Id.* ¶ 8.b.

### B. *Chogo* Complaint

The *Chogo* complaint, filed in this Court on June 19, 2015, asserted claims by numerous direct victims and family member victims (including Plaintiff John Kabi Kibe and the Mimba Family Plaintiffs) against the Iranian Defendants pursuant to the terrorism exception to the FSIA, 28 U.S.C. § 1605A, including claims for wrongful death, assault and battery, intentional infliction of emotional distress (solatium), aiding and abetting terrorism, and civil conspiracy. *Chogo*, ECF No. 1 (Complaint) at ¶¶ 9-66, 69-75, 148-68. The *Chogo* Plaintiffs seek compensatory damages, punitive damages, and pre-judgment interest. *Id.* ¶¶ 169-79 (Prayer for Relief). Moving Plaintiffs alleged these claims under the laws of the District of Columbia and/or Kenya, as non-U.S. national Plaintiffs who do not possess a cause of action under 28 U.S.C. § 1605A. *Id.* ¶ 8.b.

### III.  THE COURT'S PRIOR DETERMINATIONS

Plaintiffs in the *Sheikh* and *Chogo* actions previously sought entry of default judgment on liability and damages, including punitive damages claims, against the Iranian Defendants by way of a consolidated motion. *See Chogo*, ECF No. 97; *Sheikh*, ECF No. 83. This Court granted Plaintiffs' consolidated motion in part, and entered final default judgments against the Iranian Defendants on all claims except for state law claims for punitive damages brought by the 14 foreign national, immediate family members of Farhat Mahmood Sheikh, George Mimba, and Francis Kibe Njuguna. *Sheikh*, 485 F.Supp.3d at 255.

The Court has already determined subject matter jurisdiction exists because these cases brought against the Iranian Defendants fall within the "state sponsor of terrorism" exception of 28 U.S.C. § 1605A, and further determined that personal jurisdiction exists over the defaulted Iranian Defendants because service of process was properly effected under 28 U.S.C. § 1608. *Sheikh,* 485 F.Supp.3d at 263-64. The Court also determined the Iranian Defendants were liable to the Moving Plaintiffs for solatium damages resulting from intentional infliction of emotional distress under D.C. law, finding Plaintiffs had established all elements of the claim as applied to cases involving state-sponsored terrorism. *Id.* at 264-67. Specifically, the Court first recognized that acts of terrorism, by their very definition, amount to extreme and outrageous conduct, and the Court previously concluded that Iran purposely aided in the perpetration of these actions. *Sheikh,* 485 F.Supp.3d at 266 (internal citations omitted). Next, the Court recognized that each of the Moving Plaintiffs is a member of a direct victim's immediate family, as a spouse, parent, sibling or child. *Id.* Finally, the Court recognized that Moving Plaintiffs "have all suffered significantly from their loved ones' psychological, emotional, and physical injuries". *Id.*

As such, the Court previously awarded the Moving Plaintiffs compensatory solatium damages pursuant to D.C. Code § 16-2701 and pre-judgment interest. *Id.* at 270-72, 274-75.

However, as the issue regarding whether foreign national immediate family member plaintiffs may obtain punitive damages under state laws was under consideration by the D.C. Circuit in *Opati v. Republic of Sudan*, No. 14-7124 (D.C. Cir. July 27, 2020), the Court requested Moving Plaintiffs to file a new motion for entry of default judgment within 30 days of the D.C. Circuit's decision. *Sheikh,* 485 F.Supp.3d at 273-74; *see also Sheikh*, ECF No. 86; *Chogo*, ECF No. 106. Therefore, final judgments were directed as to all claims but the state law punitive damages claims of the Moving Plaintiffs. *Sheikh,* 485 F.Supp.3d at 273-74. As the D.C. Circuit did not and will not issue a decision on the stated issue in *Opati* due to a settlement reached in that case, this Court permitted Moving Plaintiffs to brief the issue herein by orders dated April 6, 2022, pursuant to Moving Plaintiffs' request.

### IV. THE COURT SHOULD GRANT MOVING PLAINTIFFS' REQUESTS FOR ENTRY OF DEFAULT JUDGMENT AS TO PUNITIVE DAMAGES CLAIMS UNDER D.C. LAW.

#### A. Moving Plaintiffs seek default judgments against the Iranian Defendants on punitive damages claims under D.C. Law.

In *Owens,* this Court recognized that foreign national, immediate family members of "direct victims" of the 1998 U.S. Embassy attacks lack a federal cause of action under 28 U.S.C. § 1605A, but may pursue their claims under applicable state and/or foreign laws and, after conducting a choice of law analysis, determined that the application of U.S. domestic law (specifically, the laws of the forum), remains more appropriate in state-sponsored terrorism cases. *Owens v. Rep. of Sudan, et al*., 826 F.Supp.2d 128, 153-57 (D.D.C. 2011), aff'd in part, vacated in part, 864 F.3d 751 (D.C. Cir. 2017), vacated sub nom, *Opati v. Rep. of Sudan, et al*., 140 S.Ct. 1601 (May 18, 2020). Accordingly, Moving Plaintiffs herein seek punitive damages pursuant to the law of the forum, namely, D.C. law.

**B.     The Iranian Defendants are not immune from liability for punitive damages claims brought under D.C. Law pursuant to 28 U.S.C. § 1605A(a).**

Moving Plaintiffs may seek the imposition of punitive damages against the Iranian Defendants under state-law claims brought pursuant to 28 U.S.C. § 1605A(a). Under the terrorism exception in 28 U.S.C. § 1605A, the Iranian Defendants are not immune from the imposition of punitive damages in these cases. As the Supreme Court explained in *Opati* :

> Congress amended the FSIA again in the National Defense Authorization Act for Fiscal Year 2008 (NDAA), 122 Stat. 338. …. [I]n § 1083(a) of the NDAA, Congress moved the state-sponsored terrorism exception from its original home in § 1605(a)(7) to a new section of the U.S. Code, 28 U.S.C. § 1605A. This had the effect of freeing claims brought under the terrorism exception from the FSIA's usual bar on punitive damages. See § 1606 (denying punitive damages in suits proceeding under a sovereign immunity exception found in § 1605 but not § 1605A).

140 S.Ct. at 1606.

In *Opati,* the Supreme Court vacated the judgment of the Court of Appeals with respect to punitive damages after determining punitive damages are permissible under 28 U.S.C. § 1605A(c), and asked the D.C. Circuit to reconsider its decision regarding the availability of punitive damages for claimants proceeding under state law. *Id.* at 1609–10. While the D.C. Circuit ultimately did not decide the issue due to a settlement reached in that case, *Opati* contains reasoning that leads to only one conclusion: Plaintiffs relying on state law causes of action brought under 28 U.S.C. § 1605A(a) may recover punitive damages from foreign states for pre-enactment conduct. *See id.* at 1607-09.[5] Notably, prior to the 2008 amendments, D.C. law

---

[5] Congress struck the terrorism exception from the general exceptions to immunity at §1605(a)(7) and added the terrorism exception to the new §1605A(a). By its plain terms, §1606 only applies "to any claim for relief with respect to which a foreign state is not entitled to immunity under section 1605 or 1607 of" the FSIA. Thus, the immunity from punitive damages available through §1606 for foreign states is not available to designated state sponsors of terrorism facing liability pursuant to the terrorism exception of §1605A(a). Furthermore, §1605A(a) does not implicate *Landgraf*'s presumption against retroactive legislation because

permitted the imposition of punitive damages for intentional torts, including intentional infliction of emotional distress. *See Oliver v. Mustafa*, 929 A.2d 873, 878 (D.C. 2007).

### C. The imposition of punitive damages is warranted.

"Punitive damages 'serve to punish and deter the actions for which they [are] awarded.'" *Sheikh,* 485 F.Supp.3d at 272 (citing *Valore v. Islamic Republic of Iran*, 700 F.Supp. 2d 52, 87 (D.D.C. 2010)). Under District of Columbia law, an award of punitive damages is appropriate when "the defendant commits a tortious act 'accompanied with fraud, ill will, recklessness, wantonness, oppressiveness, willful disregard of the plaintiff's rights, or other circumstances tending to aggravate the injury.' " *Jemison v. Nat'l Baptist Convention, USA, Inc.*, 720 A.2d 275, 285 n.10 (D.C. 1998) (quoting *Washington Med. Ctr. v. Holle*, 573 A.2d 1269, 1284 (D.C. 1990)). Proof of the elements establishing a right to punitive damages may be inferred from the acts of the defendant and from circumstantial evidence. *Parker v. Stein*, 557 A.2d 1319, 1322 (D.C. 1989).

Under D.C. law, the Moving Plaintiffs' intentional infliction of emotional distress claims provide an appropriate basis for an award of punitive damages because "it is by definition willful and outrageous conduct which society finds intolerable, and seeks to deter.'" *Fritz v. Islamic Republic of Iran, et al.*, 466 F.Supp.3d 13, 21 (D.D.C. 2020) (quoting *Sere v. Grp. Hospitalization, Inc.*, 443 A.2d 33, 37–38 (D.C. 1982)). Because acts of terrorism are "by their very definition" extreme and outrageous conduct, this Court has previously determined that

---

§1605A(a) is indisputably jurisdictional in nature. §1605A(a) is a grant of jurisdiction. *Altmann* involved a grant of jurisdiction, and held that jurisdiction under the FSIA applies retroactively. *Republic of Austria v. Altmann*, 541 U.S. 677, 697-700 (2004) (citing *Landgraf v. USI Film Prod.*, 511 U.S. 244, 280 (1994) (additional citations omitted)). Thus, even under a restrictive reading of *Altmann*, the rule of *Altmann*, not *Landgraf*, applies to state law claims brought under §1605A(a)'s grant of jurisdiction—including state law claims brought by non-U.S. national family members of murdered or injured U.S. Government employees—and permits the retroactive recovery of punitive damages.

injuries to survivors of such acts are "compensable by analogy under the tort of intentional infliction of emotional distress." *Sheikh,* 485 F.Supp.3d at 266. This Court previously determined that Moving Plaintiffs, the family members of direct victims of the attacks, demonstrated the elements for intentional infliction of emotional distress against the Iranian Defendants. *Id.* at 266-67. So, too, should this Court determine that punitive damages are warranted.

This Court weighed four factors in calculating the amount of punitive damages to award the direct victims in the *Sheikh* and *Chogo* cases, specifically, "(1) the character of the defendants' act, (2) the nature and extent of harm to the plaintiffs that the defendants caused or intended to cause, (3) the need for deterrence, and (4) the wealth of the defendants." *Sheikh,* 485 F.Supp.3d at 272-73 (citing *Oveissi v. Islamic Republic of Iran*, 879 F. Supp. 2d 44, 56 (D.D.C. 2012) (quoting *Acosta v. Islamic Republic of Iran*, 574 F.Supp.2d 15, 30 (D.D.C. 2008))). The Court concluded that "all factors weigh in favor of awarding significant damages: Iran aided *al Qaeda* in carrying out a horrific attack that killed hundreds of people and injured thousand more; plaintiffs suffered severe psychological trauma as a result; there is a significant need to deter further such terrorist attacks; and defendant is a sovereign nation that can be presumed to possess significant wealth." *Id.* at 273. The Court awarded direct victim plaintiffs punitive damages in an amount equal to the total compensatory damages awarded to them in these cases. *Id.*

Moving Plaintiffs respectfully request imposition of punitive damages against the Iranian Defendants in an amount equal to the total compensatory damages awarded to them, apportioned across Moving Plaintiffs herein consistent with their respective compensatory damage awards, to punish and deter the Iranian Defendants from continuing to sponsor terrorist acts. *Opati*, 60 F.Supp.3d at 81-82 (citing *Beer v. Islamic Republic of Iran*, 789 F.Supp.2d 14, 17 (D.D.C. 2011) (citing *Flatow v. Islamic Republic of Iran*, 999 F.Supp. 1 (D.D.C. 1998))). The requested awards

would be consistent with punitive damages awards rendered in the *Sheikh, Chogo,* and *Owens* cases against the Iranian Defendants arising from the 1998 embassy bombings. *Id*. Courts routinely award punitive damages in cases brought under the terrorism exception to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 et seq., and Iran's conduct relative to Moving Plaintiffs warrants them.

D.    **Calculation of Proposed Punitive Damages Awards**

Should the Court decide to award Moving Plaintiffs punitive damages in an amount equal to their compensatory damages, the punitive damages awards listed below would be granted:

| **Plaintiff** | **Relationship to Direct Victim** | **Compensatory Damages Awarded (*See* Sheikh ECF No. 86; Chogo ECF No. 106)** | **Punitive Damages Requested** |
|---|---|---|---|
| *Chogo, et al. Plaintiffs* | | | |
| John Kabi Kibe | Son of Francis Kibe Njuguna (Killed) | $5,500,000 | $5,500,000 |
| Prisca Akumu Mimba | Mother of George Mimba (Injured) | $2,500,000 | $2,500,000 |
| Judith Akinyi Mimba | Sibling of George Mimba (Injured) | $1,250,000 | $1,250,000 |
| Christine Awino Mimba | Sibling of George Mimba (Injured) | $1,250,000 | $1,250,000 |
| Fredrick Ouso Mimba | Sibling of George Mimba (Injured) | $1,250,000 | $1,250,000 |
| Hezborn Owiro Mimba | Sibling of George Mimba (Injured) | $1,250,000 | $1,250,000 |
| Beatrice Akoth Mimba | Sibling of George Mimba (Injured) | $1,250,000 | $1,250,000 |
| Zablon Nyamolo Mimba | Sibling of George Mimba (Injured) | $1,250,000 | $1,250,000 |
| Edwin Opiyo Mimba | Sibling of George Mimba (Injured) | $1,250,000 | $1,250,000 |
| Erica Achieng Mimba | Sibling of George Mimba (Injured) | $1,250,000 | $1,250,000 |

CONSOLIDATED MOTION FOR ENTRY OF DEFAULT JUDGMENTS ON PUNITIVE DAMAGES CLAIMS

| *Sheikh, et al. Plaintiffs* | | | |
|---|---|---|---|
| Nasrin Akhtar Sheikh | Wife of Farhat Mahmood Sheikh (Killed) | $8,000,000 | $8,000,000 |
| Farin Akhtar McLaughlin | Daughter of Farhat Mahmood Sheikh (Killed) | $5,000,000 | $5,000,000 |
| Faraz Akhtar Sheikh | Son of Farhat Mahmood Sheikh (Killed) | $5,000,000 | $5,000,000 |
| Faizan Akhtar Sheikh | Son of Farhat Mahmood Sheikh (Killed) | $5,000,000 | $5,000,000 |
| **Total Requested Punitive Damages Awards :** | | | **$41,000,000** |

## V. CONCLUSION

For the foregoing reasons, Moving Plaintiffs respectfully request that the Court grant this Motion and enter an order directing final judgments of Moving Plaintiffs' punitive damages claims under D.C. law against the Iranian Defendants, in an amount equal to their compensatory damages awards.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Dated this 20th day of May, 2022. Respectfully submitted,

BOUCHER LLP

By: /s/ Shehnaz M. Bhujwala
Raymond P. Boucher *(Pro Hac Vice)*
Shehnaz M. Bhujwala (*Pro Hac Vice*)
Maria L. Weitz *(Pro Hac Vice)*
BOUCHER LLP
21600 Oxnard Street, Suite 600
Woodland Hills, California 91367-4903
Tel: (818) 340-5400; Facsimile: (818) 340-5401
Emails: ray@boucher.la; bhujwala@boucher.la
weitz@boucher.la

Daniel S. Ward (DC Bar No. 474339)
WARD & BERRY, P.L.L.C.
2000 Pennsylvania Ave., N.W., Suite 7000
Washington D.C. 20036
Tel.: (202) 331-8160; Fax: (202) 331-8162
Email: dan@wardberry.com

*Attorneys for Moving Plaintiffs*